

**Signed May 05, 2017.**

_____
**Ronald B. King**
**Chief United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| ORALIA GARCIA PEREZ, § | | CASE NO. 12-53022-RBK |
|     DEBTOR. § | | CHAPTER 13 |
| § | | |
| IN RE: § | | |
| JENNIFER ANN REGALADO, § | | CASE NO. 13-50198-RBK |
|     DEBTOR. § | | CHAPTER 13 |
| § | | |
| IN RE: § | | |
| STACEY A. SCHMIDT, § | | CASE NO. 13-50764-RBK |
|     DEBTOR. § | | CHAPTER 13 |
| § | | |
| IN RE: § | | |
| KENNETH WADE ABERNATHY AND § | | CASE NO. 13-52356-RBK |
| NELVA ALICIA ABERNATHY, § | | CHAPTER 13 |
|     DEBTORS. § | | |
| § | | |
| IN RE: § | | |
| JOSE PORTILLO AND § | | CASE NO. 14-50785-RBK |
| GRACIELA PORTILLO, § | | CHAPTER 13 |
|     DEBTORS. § | | |
| § | | |
| IN RE: § | | |
| ALBERT VILLANUEVA, § | | CASE NO. 14-51163-RBK |
|     DEBTOR. § | | CHAPTER 13 |

| | | |
|---|---|---|
| IN RE:<br>GERARDO D. SILLER AND<br>JANET G. SILLER,<br>　　DEBTORS. | §<br>§<br>§<br>§<br>§ | CASE NO. 14-51317-RBK<br>CHAPTER 13 |
| IN RE:<br>MONICA ANN FLORES,<br>　　DEBTOR. | §<br>§<br>§<br>§ | CASE NO. 14-51715-RBK<br>CHAPTER 13 |
| IN RE:<br>JAMES ANTHONY MELTON,<br>　　DEBTOR. | §<br>§<br>§<br>§ | CASE NO. 15-50046-RBK<br>CHAPTER 13 |
| IN RE:<br>ROD WAYNE NICHOLS, II,<br>　　DEBTOR. | §<br>§<br>§<br>§ | CASE NO. 15-51683-RBK<br>CHAPTER 13 |
| IN RE:<br>GUILLERMO LOZA,<br>　　DEBTOR. | §<br>§<br>§<br>§ | CASE NO. 15-51802-RBK<br>CHAPTER 13 |
| IN RE:<br>YVONNE PATRICIA RODRIGUEZ,<br>　　DEBTOR. | §<br>§<br>§<br>§ | CASE NO. 15-52540-RBK<br>CHAPTER 13 |

## OMNIBUS FINDINGS OF FACTS AND CONCLUSIONS OF LAW

These omnibus findings of facts and conclusions of law pertain to thirteen applications for attorney's fees filed in the above-numbered chapter 13 bankruptcy cases. In each case, Mr. Vasquez, counsel for all above-referenced debtors, sought compensation beyond the benchmark fees, and the trustee objected. The Court held a hearing on April 6, 2017, and took the matters under advisement. The Court sustains the trustee's objections, finding the attorney fees to be excessive. The applications for attorney's fees in the above-referenced bankruptcy cases will be **GRANTED** and **DENIED**, in part.

2

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. These are core proceedings within the meaning of 28 U.S.C. § 157(b)(2)(A) (concerning the administration of the estate). Venue is proper under of 28 U.S.C. § 1408. These are the Court's findings of facts and conclusions of law, in accordance with FED.R.BANK.P. 7052 and FED.R.BANK.P. 9014, and a separate order shall be entered in each above-referenced case pursuant to FED.R.BANKR.P. 9021.

## BACKGROUND

Mr. Vasquez filed thirteen applications for compensation after rendering services in response to thirteen motions to dismiss filed by the chapter 13 trustee. The applications requested fees for amounts varying from $1,334.00–$2,409.43. Within the fee applications, Mr. Vazquez charged $400.00 an hour for his services, $125.00 for paralegal services, and $95.00 for legal assistant services. Each case includes charges for reviewing documents, amending schedules, appearing in court, and transmitting documentation to the trustee. Additionally, on each application, Mr. Vasquez and his staff billed approximately two hours for preparing and reviewing the fee application. The trustee timely objected, asserting four primary objections: 1) that the rate charged by counsel and legal staff is too high, as the total amount of fees requested are more than half of the standard "no-look" base fees; 2) that a standard appearance fee is overcharged, as counsel did not need to appear; 3) that the cost of preparing each fee application is excessive, as it is 20–25% of the entire fee application; and 4) that services were unnecessary, and therefore, the fee applications should be reduced.

In response to the trustee's objections, Mr. Vasquez defended his applications by asserting the practice of consumer bankruptcy has changed in general, so it is necessary for him to charge higher rates. Counsel supports this assertion by claiming he frequently does not receive the full amount of allowed fees because cases are often dismissed prior to the trustee paying each $100.00

3

monthly fee installment. Mr. Vasquez also asserted he bills higher rates for legal staff services in order to retain skilled employees. He further validated the increase in rates by claiming paralegal rates are lower than attorney rates, which Mr. Vasquez believes ultimately keeps his firm's fee requests low. Counsel also stated he assesses an appearance fee even if he does not appear in court because he still needs to review the docket upon receipt of the trustee's motion to withdraw. Lastly, Mr. Vazquez claimed higher rates to prepare fee applications are warranted since filing a fee application is a new practice in consumer cases.

## LEGAL ANALYSIS

In a routine non-business chapter 13 case, an attorney receives a benchmark fee of $3,600.00 for various services listed in Section 2 of the *Standing Order Relating to Chapter 13 Practices in the San Antonio Division*, dated August 5, 2016. For a service not listed within the *Standing Order*, such as filing a motion to modify plan in response to a trustee's motion to dismiss, the attorney may request additional fees within the motion or by filing an application for compensation. When there is an objection to fees, the Court will hold a hearing, and the applicant bears the burden of establishing the necessity and reasonableness of the fees requested. *See* **Continental Ill. Nat'l. Bank & Trust Co. of Chicago v. Charles N. Wooten, Ltd. *(In re Evangeline Ref. Co.)***, 890 F.2d 1312, 1326 (5th Cir. 1989).

In the Fifth Circuit, the lodestar method is utilized to calculate the reasonableness of fees, which is computed by multiplying counsel's total hours reasonably spent on the matter by the prevailing rate in the legal community. ***Cahill v. Walker & Patterson, P.C. (In re Cahill)***, 428 F.3d 536, 539–40 (5th Cir. 2005). The total amount can then be increased or decreased based on the following factors: time and labor required, difficulty of the legal questions, skills required to perform services, preclusion of other employment by the attorney due to accepting the case, the

4

customary fee, whether the fee is fixed or contingent, time limitations, results obtained and the amount involved, the ability of the attorney, the undesirability of the case, the nature of the relationship with the professional and client, and awards in similar cases. **11 U.S.C. § 330**; *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974).

Additionally, an attorney will not receive compensation if a service does not benefit the estate or is not necessary to case administration. *Asarco L.L.C. v. Baker Botts, L.L.P. (In re ASARCO, L.L.C.)*, 751 F.3d 291, 299 (5th Cir. 2014), *aff'd*, 135 S. Ct. 2158 (2015). In connection with the lodestar method and the *Johnson* factors, the Court will evaluate each objection of the trustee and each response of Mr. Vasquez to determine the appropriate amount of allowed fees.

### 1. Hourly rates charged

The Court finds the rate of $400.00 for consumer debtor attorneys and $125.00 for paralegals to be excessive. After reviewing comparable rates within the San Antonio Division's legal community, the Court determines the comparable rate for consumer debtor lawyers ranges from $225.00–$300.00. The Court finds $250.00 per hour for attorney services to be an appropriate rate in these cases. Similarly, after reviewing comparable rates for paralegals, it finds a rate of $95.00 per an hour for paralegal services to be reasonable. The Court will adjust the hourly rates charged in all thirteen fee applications to comply with this standard.

### 2. Standard appearance fee

The Court finds appearance fees to be unnecessary when the trustee files a motion to withdraw prior to the hearing. Out of the thirteen fee applications in which Mr. Vasquez charged an appearance fee, he did not need to appear before the Court in eleven of the cases. Moreover, hearings were held on the same day for the remaining two cases that did require his presence. The Court will adjust the fees to deduct the appearance fee in the eleven cases that did not require him

5

to attend a hearing and will prorate the appearance fee in the two cases that did require his presence in court.

### 3. Charges for fee application preparation

Within the thirteen cases, Mr. Vasquez charged approximately $187.50 in paralegal fees in addition to $200.00 in attorney fees for preparing each fee application. Counsel is permitted to receive compensation for a fee application based on the skill reasonably necessary to prepare such application; however, such fees will be adjusted according to the *Johnson* factors. 488 F.2d at 717–19. As such, the Court finds that the total amount of time and fees for the preparation of a fee application should be, at maximum, half of what Mr. Vasquez has charged. The Court will adjust the fees accordingly in all of the above-referenced cases.

### 4. Charges based on complexity of the case

To reconcile the complexity in chapter 13 filings, the need for adequate representation, and the underlying goal of issuing payment to creditors, the Court agrees with the analysis set forth in *In re Balderas*, 328 B.R. 707, 720–23 (Bankr. W.D. Tex. 2005). In *Balderas*, the court discussed the competing interests in a chapter 13 case and determined $500.00 may be reasonable for compensation in response to a trustee's motion to dismiss. *Id*. at 725. With inflation, this Court determines $750.00, subject to adjustments on a case-by-case basis, is an approximate, reasonable amount for additional compensation in response to a trustee's motion to dismiss.

### CONCLUSION

The Applications for Attorney's Fees in the above-referenced cases will be **GRANTED** and **DENIED**, in part. These fees are reduced because of the adjustment of the hourly rates charged, the removal of a charge for appearing at a hearing that did not occur, the reduction in preparation time of fee applications, and the reduction of various time submissions that are not

reasonable based on the complexity of the consumer chapter 13 case. The following adjustments will be made to each case, pursuant to these omnibus findings of facts and conclusions of law:

- *In re: Oralia Garcia Perez*, Case No. 12-53022-RBK: The request for additional compensation of $2,076.02 is reduced to $1,021.52. All other fees are denied.

- *In re: Jennifer Ann Regalado*, Case No. 13-50198-RBK: The request for additional compensation of $1,534.95 is reduced to $564.95. All other fees are denied.

- *In re: Stacey A. Schmidt*, Case No. 13-50764-RBK: The request for additional compensation of $1,935.91 is reduced to $953.91. All other fees are denied.

- *In re: Kenneth Wade Abernathy and Nelva Alicia Abernathy*, Case No. 13-52356. The request for additional compensation of $2,409.43 is reduced to $1,400.43. All other fees are denied.

- *In re Jose Portillo and Graciela Portillo*, Case No. 14-50785-RBK. The request for additional compensation of $2,189.34 is reduced to $1,183.34. All other fees are denied.

- *In re Gerardo D. Siller and Janet G. Siller*, Case No. 14-51317-RBK. The request for additional compensation of $1,914.56 is reduced to $755.06. All other fees are denied.

- *In re Albert Villanueva, Case No.* 14-51163-RBK. The request for additional compensation of $1,561.52 is reduced to $881.52. All other fees are denied.

- *In re Monica Ann Flores*, Case No. 14-51715-RBK. The request for additional compensation of $1,828.75 is reduced to $879.75. All other fees are denied.

- *In re James Anthony Melton*, Case No. 15-50046-RBK. The request for additional compensation of $1,441.20 is reduced to $422.00. All other fees are denied.

7

- *In re Rod Wayne Nichols, II*, First Application for Compensation, Case No. 15-51683. The request for additional compensation of $1,425.10 is reduced to $485.10. All other fees are denied.

- *In re Rod Wayne Nichols, II*, Second Application for Compensation, Case No. 15-51683-RBK. The request for additional compensation of $1,915.18 is reduced to $879.18. All other fees are denied.

- *In re Guillermo Loza*, Case No. 15-51802-RBK. The request for $1,450.63 is reduced to $761.13. All other fees are denied.

- *In re Yvonne Patricia Rodriguez*, Case No. 15-52540-RBK. The request for $1,792.42 is reduced to $791.92. All other fees are denied.

# # #